```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


REMOTE FACILITY MANAGEMENT,      :      CIVIL ACTION
INC.                             :
                                 :
          v.                     :
                                 :
FIRST STATES MANAGEMENT CORP.    :
and AMERICAN FINANCIAL REALTY    :
TRUST                            :      NO. 07-cv-00790-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        April 12, 2007

        On February 27, 2007, plaintiff filed its complaint in this action.  The complaint contains three counts: (1) breach of contract, (2) tortious interference with contractual relations, and (3) racial discrimination in violation of 42 U.S.C. § 1981.  On March 22, 2007, the defendants filed two motions: (1) a motion to dismiss both for lack of subject matter jurisdiction and for failure to state a valid claim upon which relief might be granted, and (2) a motion for a stay of all further proceedings pending arbitration of the parties' disputes.  Plaintiff countered by filing an amended complaint, and by filing a response objecting to the motion to compel arbitration.

        The only possible basis for this court's jurisdiction over the parties' disputes is Count III, seeking to assert racial discrimination.  The basis for this claim was not clearly revealed in the original complaint, but plaintiff has attempted to clarify its § 1981 claim in the amended complaint.  Defendants continue to assert that plaintiff's allegations do not pass

muster under Fed. R. Civ. P. 12(b)(6), hence the entire action should be dismissed for lack of subject matter jurisdiction.

In essence, plaintiff asserts that the parties entered into a long-term contract, and that the defendants breached the contract by failing to make certain required payments.  The gist of the racial claim in Count III is that the plaintiff corporation is solely owned and controlled by an African-American man, and that the defendants' breach of the contract was predicated, at least in part, upon the defendants' belief that, as a minority-owned business, plaintiff would not have the financial resources to withstand the defendants' tortious interference with plaintiff's contractual relations with various subcontractors (which activities constituted the breach of contract in the first place).

I have great difficulty following the reasoning represented by the allegations of Count III, and it may be that, even if viewed sufficient to preclude 12(b)(6) dismissal, Count III might well be amenable to dismissal on a motion for summary judgment.  I decline to pursue that issue, however, since it is absolutely clear that the parties' contract requires submission of all of plaintiff's disputes to arbitration.  Paragraph 12 of the pertinent agreement includes the following:

> "DISPUTE RESOLUTION; GOVERNING LAW.  Any controversy, claim, counterclaim or dispute arising out of or relating to the interpretation or application of any term or provision of this Agreement ... or otherwise

>relating to the provision of Services that
>the parties are unable to settle through
>consultation and negotiation shall be
>subjected by either party to binding
>arbitration by JAMS ...  A party shall be
>entitled to a court order staying any legal
>proceeding brought by the other party to
>enforce any rights or remedies such party may
>have under federal or state law pending the
>final completion of arbitration ..."

Thus, it is appropriate to stay all further proceedings in this case pending the completion of arbitration.  This result would apply even if the case had been filed in state court.

    An order follows.

```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


REMOTE FACILITY MANAGEMENT,      :      CIVIL ACTION
INC.                             :
                                 :
          v.                     :
                                 :
FIRST STATES MANAGEMENT CORP.    :
and AMERICAN FINANCIAL REALTY    :
TRUST                            :      NO. 07-cv-00790-JF
```

ORDER

AND NOW, this 12th day of April 2007, upon consideration of defendants' motion for a stay pending arbitration and plaintiff's response, IT IS ORDERED:

      that defendants' motion to stay is GRANTED, and this case is hereby STAYED pending completion of arbitration.

      BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.